# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      Plaintiff-Respondent,

vs.                                                            Civ. No. 98-1155 HB/LCS

**NARCISO HOLGUIN,**

      Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiff United States of America's (United States'") request that the Court deny without a hearing Defendant Narciso Holguin's ("Holguin's") Motion to Vacate, Set Aside and Correct Sentence, filed on September 22, 1998. The Court treats the request as a motion to dismiss. Having considered the Motion, the record, the memoranda submitted by the parties and the applicable law, the Court proposes finding that the Motion is not well-taken and recommends that it be denied.

Defendant Holguin hired Garry Hill to represent him in a drug conspiracy case, and also paid Hill to simultaneously represent Alonzo Antonio Figueroa, a co-defendant in the case. When the United States discovered that Holguin and Figueroa were both being represented by Hill, it requested a hearing pursuant to Fed.R.Crim.P. 44, to make sure that Figueroa understood that his lawyer could have a conflict of interest in representing co-defendants in a conspiracy case. Figueroa stated that he understood, and that he still wanted to be represented by Hill. Figueroa then entered into a plea agreement, one of whose terms was a waiver of the right to bring a 28 U.S.C. Sec. 2255 claim for

ineffective assistance of counsel.

Approximately six weeks after Figueroa entered into the plea agreement, Holguin was arrested, and two days afterwards, Hill entered his appearance for Holguin. Two months later, the United States moved for a Fed.R.Crim.P. 44 hearing for Holguin. Three months later, the District Court held the hearing and Holguin also said that he understood that Hill could have conflicts of interest in representing both him and Figueroa, but that he wanted to be represented by Hill. Two months later, Holguin entered into a plea written agreement which also contained a clause waiving the right to bring a 28 U.S.C. Sec. 2255 claim for ineffective assistance of counsel due to the joint representation. However, at the sentencing hearing 17 months later, Hill was not corrected when he contradicted the written terms of the plea agreement:

> Mr. Perez (United States' counsel): Your Honor, I would just note that paragraph 12 of the plea agreement, which is at page 10, indicates that the defendant waived his right to appeal.
>
> Mr. Hill: Except for the ineffective assistance of counsel and prosecutorial misconduct. But other than that, we have, your honor.
>
> The Court: All right, that's all. Thank you, Mr. Hill.

Holguin received a 24 year sentence. Through his new counsel, Holguin has moved to vacate, set aside or correct this sentence on that grounds that Hill provided ineffective assistance of counsel because of his conflict of interest from simultaneously representing Holguin and Figueroa. The United States quite understandably requests the Court to enforce the waiver in the plea agreement.

Contract principles have been applied to plea agreements in criminal proceedings. *United States v Hernandez,* 134 F.3d 1435, 1437 (10th Cir. 1998) (upholding a clause waiving the right to appeal against an argument that inadequate consideration was provided for the waiver). One broad principle of contract law is that contracts which seek an end contrary to public policy will not be

2

enforced. *Mohawk Drilling Co. v. McCollough Tool Co.,* 271 F.2d 627, 633 (10th Cir. 1959). While the right to waive constitutional rights in exchange for consideration at sentencing is generally upheld if done knowingly and intelligently, *see United States v. Bollinger,* 940 F.2d 478, 480 (9th Cir. 1991), whether such waivers were knowing and intelligent is nearly always dependent on whether the accused has received competent advice from counsel.[1] As a matter of logic, then, a clause in a plea agreement which forbids the court from scrutinizing the effectiveness of counsel prevents the court from having confidence that the agreement itself is valid. Accordingly, I propose finding that agreements waiving the right to file a Section 2255 Motion based upon ineffective assistance of counsel are unenforceable as against public policy.

I do not discount the considerable effort the prosecution and the Court expended in attempting to protect Holguin's rights both to counsel of his choice and to competent counsel. Particularly in cases like these, the United States' attempt to avoid duplicating this effort after the sentencing is understandable. However, the better way to insure competent representation is to keep defense counsel's conduct subject to scrutiny after the fact, under the standards set out in *Strickland v. Washington,* 466 U.S. 668, 686-90 (1984). Accordingly, I recommend that the United States' request to enforce the clause in the plea agreement barring this suit be denied.

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections to them.

---

[1] The sentencing colloquy excerpted on the previous page demonstrates this point. Hill clearly misunderstood the terms of the plea agreement, leading to the inference that Holguin did as well. One could accordingly argue that Holguin's entering into the plea agreement may not have been knowing and voluntary.

The parties must file any objections within that time period if they desire review by the District Court; in the absence of timely objections, no review will be conducted.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE