# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff-Respondent,

vs.                                                   Civ. No. 98-1155 HB/LCS

**NARCISO HOLGUIN,**

    Defendant-Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Movant Narciso Holguin's ("Holguin's") Motion to vacate, set aside and correct sentence pursuant to 28 U.S.C. Sec. 2255, filed on September 22, 1998. The Court, having considered the pleadings and the applicable law, proposes finding that the Motion is not well-taken and recommends that it be denied.

Holguin was indicted for conspiracy to distribute both cocaine and marijuana. He was represented by Garry Hill, who also represented a co-conspirator, Figueroa. Holguin knew that Hill represented Figueroa; in fact, he paid him to represent the co-conspirator. Both Figueroa and Holguin plead guilty to the charges in the indictment. In each case, prior to any plea agreement, the District Court, at the government's request, conducted hearings attempting to get each defendant to either obtain separate counsel, or to waive their attorney's conflict of interest. Both defendants stated at their hearings that they knew that they could get other counsel and both stated that they wanted to keep Hill, despite the conflict. Both pled guilty; both executed plea agreements wherein they

1

waived the right to bring a Section 2255 motion based upon their attorney's conflict of interest. Figueroa later withdrew his guilty plea. After sentencing, Holguin brought this Section 2255 claim, claiming that Hill improperly induced him into entering into the plea agreement.

The United States made three arguments in response. First, they argued that Holguin's claim was barred by the waiver in the plea agreement. Second, they contended that even if the plea agreement did not bar the claim, Holguin waived his attorney's conflict of interest. Third, they argued that even if the waiver was not valid, Hill's assistance was not sufficiently ineffective to warrant granting the relief sought.

As to the United States' first contention, on February 10, 1999 the District Court adopted my proposed finding that such waiver clauses are unenforcable because they are adverse to public policy.[1] As to the second contention, this Court proposes finding that the validity of the waiver is moot, since it finds the United States' third argument well-taken and dispositive.

Because Holguin did not object to being represented by Hill, the Court's ineffective assistance of counsel inquiry is limited to determining whether Holguin can demonstrate that Hill's conflict of interest adversely affected his performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348 (1980). Holguin's claim of ineffective assistance is that Hill improperly induced Holguin to plead guilty. Reply at 2. He does not say what Hill said to induce him to plead guilty, why what Hill said to him was improper, or how Hill's conflict of interest influenced his advice to Holguin to plead guilty. He claims that an evidentiary hearing will be necessary to fully develop his claim of ineffective assistance of

---

[1] In the Magistrate Judge's Proposed Findings and Recommended Disposition, I pointed out that their were no reported decisions on the issue of the enforcability of waivers of the right to bring ineffective assistance of counsel claims for counsel's actions during the plea bargaining process. However, on Feb.5, 1999, the Seventh Circuit published an opinion on this issue, which reached the same conclusion this Court adopted. *See Jones v. U.S.*, __F.3d__, 1999 WL 52154 (7th Cir. 1999).

2

counsel. Motion at 8.

While an evidentiary hearing is required when a petitioner alleges facts which, if proved, would entitle him to relief, *Harich v. Dugger,* 844 F.2d 1464, 1469 (11th Cir. 1988), *cert. denied*, 489 U.S. 1071 (1989), no hearing is necessary if the petitioner's allegations are conclusions rather than statements of fact. *Dziurgot v. Luther,* 897 F.2d 1222, 1225 (1st Cir. 1990). In the present case, Holguin's allegations are wholly conclusory; accordingly, the Court proposes finding that he is not entitled to an evidentiary hearing. Moreover, since the standard for obtaining an evidentiary hearing is the same as the standard for avoiding dismissal for failure to state a claim under Fed. R. Civ. P. 12 (b)(6), the Court recommends that Holguin's Motion to Vacate, Set Aside and Correct Sentence Pursuant to 28 U.S.C. Sec. 2255 (docket entry #1) be dismissed.

Within ten days after a party receives a copy of the Magistrate Judge's Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections. A party must file its objections within ten days if it desires review; it they are not timely filed, neither the District Court nor the Court of Appeals will review the Magistrate Judge's Proposed Findings and Recommended Disposition.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE